**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTHUR O. RAWLINGS,<br>Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE, Commissioner of Social Security<br>Defendant. | CASE NO. 06-CV-01029-H (WMC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

On May 10, 2006, plaintiff Arthur O. Rawlings ("Plaintiff") filed a complaint pursuant to section 205(g) of the Social Security Act (the "Act") requesting judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") regarding the denial of Plaintiff's claim for disability insurance benefits. (Doc. No. 1.) On July 20, 2007, Plaintiff filed a motion for summary judgment regarding his § 205(g) claim. (Doc. No. 16.) On August 22, 2007, Defendant filed a cross-motion for summary judgment and opposition to Plaintiff's motion for summary judgment. (Doc. No. 19.) On September 7, 2007, Plaintiff filed a reply brief. (Doc. No. 20.)

The Court exercises its discretion to decide this matter on the papers pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

**Background**

On December 10, 2002, Plaintiff filed an initial application for Social Security Disability Insurance Benefits. (Tr. 118-20.) Plaintiff alleged a disability onset date of October 2, 2002, due to low back pain, a herniated disc, and arthritis in both knees. (Tr. 148.) On April 28, 2003, Plaintiff alleged that he also suffered from rashes. (Tr. 169.) Plaintiff was denied initially and upon reconsideration by the Social Security Administration ("Administration"). (Tr. 34-37, 40-43) Plaintiff subsequently filed a request for a hearing on August 15, 2003. (Tr. 16.)

At the time of the hearing, Plaintiff was sixty-three years old. (Tr. 17.) The Administrative Law Judge ("ALJ") concluded that Plaintiff had past relevant work experience as a security guard, surveillance system monitor, mechanic, laborer, industrial truck operator, and inventory clerk. (Tr. 22-23.) At the hearing, Plaintiff amended the onset date of his disability from October 2, 2002 until December 8, 2002, and reported that he worked until the latter date. (Tr. 17.)

Based on the hearing, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since December 8, 2002, had "severe" impairments of bilateral osteoarthritis of the knees, degenerative disc disease/osteoarthritis of the lumbar spine, and bilateral sacroiliac osteoarthritis, but that Plaintiff's impairments, either singly or in combination, did not meet or equal an impairment listed in Appendix 1 to Subpart P of Social Security Regulation number 4, 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 18, 21-22.) The ALJ subsequently found that Plaintiff retained the physical residual functional capacity to lift/carry ten pounds occasionally, lift/carry less than ten pounds frequently, stand/walk for two hours with the use of a cane, and sit for six hours in an eight hour workday. (Tr. 21-22.) Finally, the ALJ found that based on Plaintiff's residual functional capacity, he could perform work as a surveillance system monitor as generally performed in the national economy since his amended alleged disability date, and was therefore not disabled as defined by the Act. (Tr. 25.) The decision became final when the Administration Appeals Council adopted the ALJ's findings in

a decision dated April 10, 2006. (Tr.3-5.)

## Discussion

### I. Legal Standards Regarding Review of Denial of Disability Claim

Section 205(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. See 42 U.S.C. § 405(g). Section 205(g) provides that a District Court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for rehearing. See id. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1988). "Evidence can be 'substantial' if it is more than a scintilla, even though less than a preponderance." Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001). The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. See id. If the evidence can support an outcome for either the Commissioner or the claimant, a reviewing court may not substitute its judgment for that of the ALJ. See id. Even if the reviewing court finds that substantial evidence supports the Commissioner's decision, however, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his decision. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978).

Under the Act, in order to qualify for disability benefits, an applicant must demonstrate that: (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both

requirements, he or she is 'disabled.'" Id.

The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Act. See id. (citing 20 C.F.R. § 404.1520). The Ninth Circuit has summarized this process:

> The burden of proof is on the claimant as to steps one to four. As to step five, the burden shifts to the Commissioner. If a claimant is found to be "disabled" or "not disabled" at any step in the sequence, there is no need to consider subsequent steps.
>
> The five steps are:
>
> Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to

> disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).
>
> Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. See id.

Tackett, 180 F.3d at 1098-99.

An ALJ has "a duty to fully and fairly develop the record to assure that the claimant's interests are considered." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 1998). Ambiguous evidence or an inadequate record to allow for the proper evaluation of the evidence triggers the ALJ's duty to "conduct a proper inquiry." See id. (quoting Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996)). Such proper inquiry may be conducted in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Id.; Smolen, 80 F.3d at 1288; Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).

The decision whether to reverse and remand for further administrative proceedings, or to reverse and award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Remand is appropriate "where additional administrative proceedings could remedy defects." Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). When the evidence is inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

**II. Surveillance System Monitor**

Plaintiff argues, relying on Valencia v. Heckler, 751 F.2d 1082 (9th Cir. 1985), that the ALJ's conclusion that Plaintiff had past relevant work experience as a surveillance system monitor was based on legal error and was not supported by substantial evidence, and therefore the ALJ's conclusion that Plaintiff is not disabled should be reversed. In Valencia, the Ninth Circuit held that an agricultural laborer claimant could not properly be regarded as having performed the "past relevant work" of a tomato sorter when sorting tomatoes was only one of many tasks she performed at various farms at which she was employed, despite the fact that during one six-week period during the two years she spent as an agricultural laborer, she spent the majority of her time sorting tomatoes. See id. at 1086. "Every occupation consists of a myriad of tasks," and "[t]o classify a disability claimant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act." Id.

The ALJ in this case did not, however, classify Plaintiff's "past relevant work" based on only one of a myriad of tasks Plaintiff performed in one of his past occupations, but rather reasonably concluded, based in part on the opinion of a vocational expert ("VE"), that Plaintiff's past relevant work included work as a surveillance system monitor while working at American Protective Service ("APS"). (Tr. 22-24.) Plaintiff testified that while working at APS, he sat in a booth and

monitored surveillance cameras and "made a couple of rounds on doors." (Tr. 311-12.) He further testified that he spent approximately equal amounts of time sitting and standing/walking while working at APS, that when checking doors he had to turn a key, and that his duties were limited to observing monitors and checking doors at APS. (Tr. 319-20.)

The VE testified at the hearing before the ALJ that although Plaintiff's job as actually performed at APS involved aspects of both a security guard and a surveillance system monitor, as defined by the Dictionary of Occupational Titles, it was her opinion that Plaintiff's job at APS would best be categorized as a surveillance system monitor. (Tr. 334.) She further testified in response to a number of hypotheticals posed by the ALJ that an individual with the limitations the ALJ later concluded the Plaintiff suffered from could perform the functions of a surveillance system monitor as customarily performed in the national economy, although not as actually performed by Plaintiff. (Tr. 330-31, 334-35.) The Court concludes that the ALJ's decision that Plaintiff's past relevant work included work as a surveillance system monitor based on the totality of the evidence, including Plaintiff's and the VE's testimony, is supported by substantial evidence and does not violate Valencia. Furthermore, the Court concludes that the record supports the ALJ's conclusion that Plaintiff is not disabled as defined by the Act, and therefore not entitled to disability insurance benefits. Accordingly, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Conclusion**

For the reasons discussed, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

IT IS SO ORDERED.

DATED: September 7, 2007

Marilyn L. Huff

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.